*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK SANCHEZ,

        Plaintiff,

        v.

INDRA CIDAMBI, et al.,

        Defendants.

Civil Action No. 14-7093 (JLL)

**OPINION**

**LINARES**, District Judge:

Plaintiff, Frank Sanchez, filed a complaint against Defendants, Indra Cidambi and Patrick Madden, on November 12, 2014. (ECF No. 1). On March 13, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2). At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice.

**I. BACKGROUND**

The following facts are drawn from the allegations contained in Plaintiff's complaint. (ECF No. 1). Plaintiff is currently civilly committed to the East Jersey State Prison Special

Treatment Unit (STU) in Avenel, New Jersey, pursuant to the New Jersey Sexually Violent Predator ("SVP") Act, N.J. Stat. Ann. § 30:4-27.24 *et seq.* (ECF No. 1 at 6). Defendant Indra Cidambi is a doctor employed by the STU who provides forensic psychic evaluations on behalf of the New Jersey Department of Human Services during the periodic review hearings provided to SVPs as part of their commitments. (*See Id.* at 4, 6; Document 1 attached to ECF No. 1). Defendant Patrick Madden is an attorney with New Jersey's Public Defender who represented Plaintiff in his 2014 review hearing. (ECF No. 1 at 7).

Plaintiff's claims against these Defendants arise out of the report Dr. Cidambi filed during Plaintiff's 2014 review hearing. Plaintiff alleges that Dr. Cidambi, in her July 2014 report in support of Plaintiff's continued commitment, included information of another, similarly named individual who is also committed to the STU. (*Id.* at 6). Specifically, Plaintiff alleges that the doctor's report included information which stated that Plaintiff had admitted "exposing himself by standing at the doorway of his room with his pants down while looking into the group room" while on a Modified Activities Program (MAP) status.[1] (*Id.*; Document 1 Attached to ECF No. 1 at 8). The report, including this statement, was entered into evidence during Plaintiff's review hearing, and Dr. Cidambi testified at that hearing. (*Id.* at 6-7).

Plaintiff alleges that Defendant Madden was aware that this one line of information was improperly placed in Plaintiff's report. (ECF No. 1 at 7). Plaintiff states that Madden did not object to this information in the report, and instead entered the report into evidence as part of

---

[1] Although Plaintiff claims that the report states that he had been caught masturbating while on MAP status, the report appears to contain no such allegation. The Court therefore assumes that Plaintiff is referring to the quoted section of the report. (ECF No. 1 at 6).

2

Plaintiff's file at the hearing. (*Id.*). Plaintiff alleges that Madden also failed to object to a statement by the judge that Plaintiff had not learned his lesson during the hearing. (*Id.*). Plaintiff states that Madden's failure to object to the admission of the report amounts to a conflict of interest and a failure of Madden to keep Plaintiff's best interests in mind while representing him. (*Id.*).

Plaintiff also provides documentation that there is no record of him ever having been placed on MAP status while at the STU. (Document 1 attached to ECF No. 1 at 1). Plaintiff also states, however, that after Plaintiff's review hearing, the discrepancy was brought to Dr. Cidambi's attention. (ECF No. 1 at 6). When the doctor was made aware of the issue, "Dr. Indra Cidambi sent a letter to the court correcting her report." (*Id.*). Plaintiff alleges that based upon these allegations, the doctor is liable to him for her "falsified" report, and Madden for his conflict of interest.

## II. LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

3

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III. DISCUSSION

Plaintiff's complaint does not clarify what type of claim Plaintiff seeks to raise. Although Plaintiff writes "N/A" in the box which would indicate that his claim is brought pursuant to 42 U.S.C. § 1983, the Court can discern no other federal cause of action which would encompass the allegations Plaintiff has asserted in his complaint. Section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2014). To assert a claim under the statute, a plaintiff must

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allege that he was deprived of a federal statutory or constitutional right by an individual acting under color of state law. *Id.* As part of its evaluation of a plaintiff's claim, a court must identify the contours of the right the plaintiff claims has been violated and determine if a violation of that right has been pled at all. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Although it is not clear what rights Plaintiff is claiming have been violated by the actions of Dr. Cidambi or his lawyer at his commitment review hearing, the Court presumes that Plaintiff is trying to assert a variation of a claim that his Fourteenth Amendment Due Process rights were violated when the challenged sentence in the report was provided to the trial court and subsequently admitted into evidence, a claim which would arise out of § 1983.

Plaintiff's apparent § 1983 claim against Dr. Cidambi appears to be grounded in the fact that she negligently included in his report an event which had not involved Plaintiff, but rather a similarly named individual. What Plaintiff is therefore effectively pleading, is that Dr. Cidambi was negligent. Negligence, however, is not actionable under § 1983. *See Wright v. Warden, Forest SCI*, 582 F. App'x 136, 138 (3d Cir. 2014); *see also Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) ("the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty, or property"). Plaintiff's claim against the doctor must therefore be dismissed.

The second Defendant against whom Plaintiff makes claims is Patrick Madden, the Public Defender who represented him at his review hearing. "[P]ublic defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle*

5

*Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992)). This is so because a public defender "does not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Defendant Madden is therefore immune to suit and the claims against him must also be dismissed. As Plaintiff's claims against both Defendants must be dismissed, his complaint must be dismissed for failure to state a claim on which relief can be granted.[3]

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss Plaintiff's complaint without prejudice. As Plaintiff's complaint did not make the nature of his claims clear and out of an abundance of caution, Plaintiff is granted leave to amend his complaint within thirty (30) days. An appropriate order follows.

_____
Hon. Jose L. Linares, U.S.D.J.

---

[3] To the extent that Plaintiff's complaint is intended to also raise state law claims, such as legal malpractice against Defendant Madden, or a negligence claim as to Defendant Cidambi, this Court declines to exercise supplemental jurisdiction over those claims as the Court has dismissed the only federal claim it can discern from Plaintiff's complaint over which the Court would have original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).